Appellant, Kevin King, appeals the trial court's determination that he is a sexual predator. For the following reasons, we affirm.
Appellant was indicted with five counts of rape and one count of felonious sexual penetration. Appellant pled guilty to one count of rape and one count of gross sexual imposition. Appellant was sentenced to nine and four years, to run concurrently. Immediately after sentencing, the court held a sexual predator hearing.
Thelma Martin testified that she was the mother of one of the victims, Brittany Martin. Appellant was a friend of Martin's family. Five-year-old Brittany told her mother that appellant had licked her vagina and put his finger in her vagina. The presentence report stated that records at the Department of Human Services indicated that appellant had vaginal and oral sex with Brittany.
Sherry Brown testified that she was the mother of the other victim, five-year-old China Sanders. Appellant was also a friend of Brown's family. Brown asked China why China acted like she was afraid of appellant. China said that appellant had touched her. The presentence report stated that the victim and/or her mother told the police that appellant fondled and penetrated China with his fingers on several occasions.
Kathleen Lumsden, a social worker, testified that she interviewed China on September 10, 1996. The court sustained objections to Lumsden's testimony concerning China's statements. Lumsden stated that she asked China if appellant threatened her so she would not tell. China answered this question.
The presentence report stated that appellant had a prior adult record for burglary. He was placed on probation and violated probation twice.
The court found that appellant was a sexual predator based on the age of the victims, the fact that multiple victims were involved, appellant's prior burglary conviction and the threats made to the children.
 I.
Appellant's first assignment of error states:
 H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
R.C. 2950.09 as applied to conduct prior to the effective date of the statute does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404, see, also, State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___ (Held that the sexual predator statute was constitutional, but that the evidence was not sufficient to find the defendant was a sexual predator.)
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
The conclusion that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(C)(2), See Cook, supra at 408; Ward, supra at 8-9.
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.01(E).
The court properly considered the age of the victims, the fact that the offense involved multiple victims, appellant's prior record, threats of cruelty and the nature of the sexual contact. R.C. 2950.09(B)(2)(b), (c), (d), (h), (i). We find that there was clear and convincing evidence that appellant was likely to engage in sexually oriented offenses in the future.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
A sexually violent offender, convicted on or after the effective date, who is convicted of a sexually violent predator specification is automatically classified as a sexual predator. R.C. 2950.09(A). If the offense is not a sexually violent offense, if the sexually violent predator specification was not included in the indictment, or if the offender was convicted prior to the effective date, the judge shall conduct a hearing to determine the classification. R.C. 2950.09(B)(1), (C). Appellant contends this scheme violates equal protection because the sexually violent offenders convicted on or after the effective date have a "beyond a reasonable doubt" standard, while those before the effective date have a "clear and convincing evidence" standard.
The sexually violent predator specification subjects the defendant to more severe punishment, as well asautomatic classification as a sexual predator. See R.C.2971.03, 2950.09(A). Thus, there is a rational basis for requiring proof beyond a reasonable doubt that a defendant is a sexually violent predator, and requiring clear and convincing evidence that the defendant is a sexual predator. See Ward,supra at 24.
Appellant also asserts that the clear and convincing evidence standard violates due process. A sexual predator adjudication is a civil proceeding that is separate from the criminal proceeding in which a defendant is convicted and sentenced.E.B. Verniero (C.A.3, 1997), 119 F.3d 1077, 1111, State v.Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported,State v. Bradley (June 19, 1998), Montgomery App. No. 16662, 16664, unreported, State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353, unreported, State v. Lance, supra. The beyond a reasonable doubt standard is not required in a civil proceeding. Id., Santosky v. Kramer (1982), 455 U.S. 745,102 S.Ct. 1388, 71 L.Ed.2d 599. The clear and convincing evidence standard sufficiently protects the defendant's due process rights in a sexual predator determination hearing. See Id.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
A sexual predator is defined as someone who is likely to commit a sexually oriented offense in the future. R.C. 2950.01. There must be clear and convincing proof that the defendant is a sexual predator. R.C. 2950.09(B), (C). The clear and convincing standard requires that the evidence is such to support a high probability or firm belief that a particular fact has been established. See In re Weaver (1992), 79 Ohio App.3d 59; Cross v. Ledford (1954), 161 Ohio St. 469, 477. Appellant asserts that the statute is void for vagueness, because it requires a court to determine whether it is highly probable that a mere probability exists.
"Highly probable" refers to the amount of proof required, while "likely" refers to the defendant's propensity to commit future crimes. See Ward, supra at 27-28. It is not illogical to require a court to determine whether by a clear and convincing standard of proof, the offender is likely to commit a sexual offense in the future. Id. The statute is not so vague that persons of ordinary intelligence have to guess at its meaning. See Ward, supra, See, generally, Connally v. GeneralConstruction Co. (1926), 269 U.S. 385, 391, 46 S.Ct. 126,70 L.Ed. 322.
Accordingly, this assignment of error is overruled.
 V.
Appellant's fifth assignment of error states:
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
Pursuant to the Bill of Attainder Clause, the government is forbidden to enact,
. . . legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial. (Emphasis added.)
United States v. Brown (1965), 381 U.S. 437, 448-49,85 S.Ct. 1707, 1715, 14 L.Ed.2d 484. In determining whether H.B. 180 violated retroactivity and ex post facto constitutional provisions, the Ohio Supreme Court has determined that H.B. 180 is remedial, not punitive. See State v. Cook (1998), 83 Ohio St.3d 404. The determination of what constitutes "punishment" is the same for ex post facto and bill of attainder analysis. See Artway v. Attorney General of State of New Jersey (C.A.3 1996), 81 F.3d 1235, 1247. The registration and notification provisions of H.B. 180 are not an unconstitutional bill of attainder. State v. Ward, supra at 30.
Accordingly, this assignment of error is overruled.
 VI.
Appellant's sixth assignment of error states:
 THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
The notification provisions of R.C. Chapter 2950 do not violate the defendant's right to privacy. See State v. Ward,supra at 33-36.
Accordingly, this assignment of error is overruled.
 VII.
Appellant's seventh assignment of error states:
 H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9 OF THE OHIO CONSTITUTION.
The registration and notification provisions of H.B. 180 can not constitute cruel and unusual punishment, because they are not punishment. Ward, supra; State v. Nicholas (April 6, 1998), Warren App. Nos. CA97-05-045, CA97-04-035, CA97-05-040, CA97-05-046, CA97-05-052, CA97-04-036, CA97-05-044, CA97-05-047, unreported, See Cook, supra.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., AND McMONAGLE, J., CONCUR.
 _______________________________ ANN DYKE JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).